RECEIVED

2005 MAY 24 P 2: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES WAINE BAIRD and ) 
BEVERLY L. BAIRD, )
 )
Plaintiffs, )
 )
v. ) Civil Action No. 2:05CV493 F
 )
MERCK & COMPANY, INC., )
 )
Defendant. )

**DEMAND FOR JURY TRIAL**

COMPLAINT

*JURISDICTION AND VENUE*

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332, due to the complete diversity of the parties and the amount in controversy.

2. The plaintiff, Charles Waine Baird, is a resident of the State of Alabama, residing at 15067 Highway 145, Clanton, Chilton County, Alabama 35046. The plaintiff is over the age of nineteen (19) years and is competent to bring this action.

3. The plaintiff, Beverly L. Baird, is a resident of the State of Alabama, residing at 15067 Highway 145, Clanton, Chilton County, Alabama 35046. The plaintiff is over the age of nineteen (19) years and is competent to bring this action.

4. Defendant, Merck & Co., Inc., is a New Jersey corporation with its principal place of business in New Jersey. Merck & Co., Inc. manufactured, marketed, and distributed Vioxx throughout the United States including Alabama.

-1-

5. The amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount of this Court.

## GENERAL FACTUAL ALLEGATIONS

6. Vioxx, also known as Rofecoxib, is a medication sold by the defendant to be prescribed to patients to treat pain associated with, including, but not limited to, osteoarthritis, migraine headaches, and management of acute pain in adults. Vioxx, a member of the class of drugs known as Cox-2 inhibitors, is, according to the defendant, a non-steroidal anti-inflammatory drug (NSAID) that exhibits anti-inflammatory analgesic and antipyretic activities.

7. The United States Food and Drug Administration approved Vioxx for use in the United States on May 20, 1999, for the treatment of acute pain, dysmenorrheal, and osteoarthritis. As early as March 30, 2000, the defendant had information indicating an imbalance in serious cardiovascular thrombotic events associated with the ingestion of Vioxx.

8. In or around June of 2000, the defendant completed a study called VIGOR (Vioxx Gastrointestinal Outcomes Research) that found an increased risk of serious cardiovascular events, including heart attacks and strokes, in patients who ingested Vioxx.

9. The defendant continued to use and employ false and misleading promotional and sales techniques and materials to advance Vioxx sales and profits notwithstanding the increased risk to the public posed thereby.

10. On September 28, 2004, the defendant met with United States Food and Drug Administration Officials to discuss the removal of Vioxx from the market in light of the risk of serious cardiovascular events.

11. On September 30, 2004, the United States Food and Drug Administration announced that Vioxx would be withdrawn from the U.S. market because of the increased risk of

cardiovascular events such as heart attack and stroke.

12. It has been reported that more than 140,000 heart attacks and 55,000 deaths may have been associated with the use of Vioxx.

13. The plaintiff, Charles Waine Baird, was prescribed Vioxx by his treating physician from November 27, 2001 through September 30, 2004.

14. The plaintiff, Charles Waine Baird, suffered an acute inferior myocardial infarction on May 24, 2003, as a result of his ingestion of Vioxx.

## *COUNT I*

### *ALABAMA EXTENDED MANUFACTURERS LIABILITY DOCTRINE*

15. Plaintiffs incorporate paragraphs 1 – 14 above into Count I by reference as if set forth herein in their entirety.

16. The plaintiff, Charles Waine Baird, was prescribed Vioxx by his treating physician and ingested the drug daily beginning on or about November 27, 2001 through September 30, 2004.

17. Prior to the aforesaid time and place, the defendant, Merck & Co., Inc., was engaged in the business of formulating, manufacturing, selling and/or distributing Vioxx throughout the United States, including the State of Alabama, for use by the general public. Said defendant, during said period of time and for a valuable consideration, formulated, manufactured, sold and/or distributed the Vioxx which injured the plaintiff, Charles Waine Baird.

18. At said time the Vioxx, which was in substantially the same condition as when manufactured, sold and/or distributed, was being used in a manner that was foreseeable. The Vioxx was not reasonably safe when being used in a foreseeable manner, but, to the contrary,

was defective and unreasonably dangerous to the human body when being so used. Said defendant knew, or in the exercise of reasonable care should have known, that said Vioxx was unreasonably dangerous to the human body when being so used in a foreseeable manner.

19. The defective and unreasonably dangerous condition of the Vioxx was the proximate cause of plaintiff's injuries and damages and renders said defendant liable to the plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

20. The aforesaid wrongful conduct of the defendant combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

(a) The plaintiff suffered an acute inferior myocardial infarction on or about the 24th day of May 2003;

(b) The plaintiff was caused to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

(c) The plaintiff suffered great physical pain and mental anguish as a result of his injuries; and

(d) The plaintiff was caused to suffer permanent injuries.

WHEREFORE, Plaintiff, Charles Waine Baird, demands judgment against the defendant in an amount of compensatory and punitive damages to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of injury, and the costs of this proceeding.

## *COUNT II*

## *FAILURE TO WARN*

21. Plaintiffs incorporate paragraphs 1 - 14 into Count II by reference as if set forth herein in their entirety.

22.     The plaintiff, Charles Waine Baird, was prescribed Vioxx by his treating physician and ingested the drug daily beginning on or about November 27, 2001 through September 30, 2004.

23.     Prior to the aforesaid time and place, the defendant, Merck & Co., Inc., was engaged in the business of formulating, manufacturing, selling and/or distributing Vioxx throughout the United States, including the State of Alabama, for use by the general public. Said defendant, during said period of time and for a valuable consideration, formulated, manufactured, sold and/or distributed the Vioxx, which injured the plaintiff, Charles Wain Baird.

24.     Plaintiff avers that the defendant negligently or wantonly failed to warn the plaintiff of the dangers associated with the use of Vioxx, failed to instruct with regard to the proper and appropriate use of Vioxx, and/or failed to give adequate warnings of the dangers associated with the use of Vioxx or to give adequate warnings of the proper and appropriate use of Vioxx.

25.     The aforesaid wrongful conduct of the defendant combined and concurred, and as a proximate consequence thereof, the plaintiff was injured and damaged as follows:

(a)     The plaintiff suffered an acute inferior myocardial infarction on or about the 24th day of May, 2003;

(b)     The plaintiff was caused to expend sums of money in the nature of doctor, hospital, drug and other expenses in an effort to heal and cure his injuries;

(c)     The plaintiff suffered great physical pain and mental anguish as a result of his injuries; and

(d)     The plaintiff was caused to suffer permanent injuries.

WHEREFORE, Plaintiff, Charles Waine Baird, demands judgment against the defendant

for compensatory and punitive damages in an amount to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of the injury and costs of this proceeding.

## COUNT III

## LOSS OF SERVICES AND CONSORTIUM

26. Plaintiffs incorporate paragraphs 1-25 into Count III by reference as if set forth herein in their entirety.

27. The plaintiff, Beverly L. Baird, is now and was the wife of the plaintiff, Charles Waine Baird, at the time he ingested the Vioxx prescribed for him and at all times pertinent to this action.

28. The aforesaid breach of legal duties by the defendant as heretofore set forth combined and concurred and as a proximate consequence of said wrongful conduct, plaintiff, Beverly L. Baird, was caused to suffer the following injuries and damages:

(a) She was caused and will be caused in the future to lose the services and consortium of her husband; and

(b) She was caused and will be caused in the future to suffer great emotional and mental distress and anguish.

WHEREFORE, Plaintiff, Beverly L. Baird, demands judgment against the defendant for compensatory and punitive damages in an amount to be determined by a jury in excess of the jurisdictional minimum of this Court, together with interest from the date of the injury and costs of this proceeding.

_____
Lloyd W. Gathings, II (239/86-1365)
Attorney for Plaintiffs

OF COUNSEL:
Gathings Law
2001 Park Place
Suite 500
Birmingham, Alabama 35203
Telephone:   (205) 322-1201
Facsimile:   (205) 322-1202


**PLAINTIFF HEREBY DEMANDS A STRUCK JURY IN THE TRIAL OF THIS CASE.**


OF COUNSEL


**PLAINTIFF'S ADDRESS:**
15067 Highway 145
Clanton, Alabama 35046


**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**


Merck & Co., Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109